17914

BULOVA WATCH COMPANY, Inc., Appellant, v. ROBERTS JEWELERS OF ROCK HILL, INC., and
A. J. Roberts, Respondents

(125 S. E. (2d) 643)

*Isadore S. Bernstein, Esq.,* of Columbia, *for Appellant,*

*D. Glenn Yarborough, Esq.,* of Lancaster, *for Respondent,*

May 16, 1962.

BRAILSFORD, Justice.

This is an action by Bulova Watch Company, Inc., the appellant, on an account for goods sold and delivered. Originally, A. J. Roberts, the respondent, and Roberts Jewelers of Rock Hill, Inc., were named as defendants. However, the

action against the corporation was withdrawn, and on July 20, 1960, the cause was heard by Hon. George T. Gregory, presiding judge, without a jury. He issued an order on August 18, 1961, holding that the respondent was not liable on the account and dismissing the action. This appeal followed.

The complaint contains allegations which are appropriate to recovery against the respondent on either of two theories. First, that the goods were sold and delivered to him as an individual. Second, that he ordered and received the goods for a non-existent principal and thereby became personally liable for the purchase price.

By his answer, the defendant denied liability on the grounds that his dealings with appellant were as an officer of a corporation, which had at least *de facto* existence; and that appellant, having dealt with the corporation, is estopped to deny its corporate existence.

The record is short and the evidence, oh which the rights of the parties depend, will be briefly summarized.

On September 29, 1955, the Secretary of State issued a charter authorizing the organization of a corporation to be known as Roberts Jewelers of Rock Hill, Rock Hill, S. C. This charter was duly cancelled by the Secretary of State on September 4, 1956, pursuant to sections 12-621 and 12-622, of the 1952 Code. Notices of cancellation were duly mailed to the corporation. A. J. Roberts, who was principal stockholder and president of the corporation, and was manager of the Rock Hill store denied receiving these notices. However, neither was returned to the sender by the Post Office Department.

Originally there were three stockholders. After the cancellation of the charter, A. J. Roberts acquired all of the interests of the others. He continued to operate the Rock Hill store under the trade name of Roberts Jewelers until April 9, 1959, when, according to his testimony, he sold

"all of his stock in the corporation" for $2,000.00. This action was commenced in July, 1959. At that time, "the business was no longer in operation and there were no corporate assets." Actions similar to this, brought by seven other suppliers, "on accounts for merchandise ordered" are pending against A. J. Roberts in Lancaster County. By stipulation of counsel, the decision in this case will apply to the others.

The witness, Frank B. Sheinberg, assistant treasurer of the appellant corporation, testified that in July of 1958 orders for merchandise were received "from A. J. Roberts, trading as Roberts Jewelers." These orders were filled by six shipments between July 22, 1958, and October 31, 1958. Invoices were addressed to Roberts Jewelers, 127 East Main Street, Rock Hill, S. C., which conformed to the letterhead used by A. J. Roberts. A letter dated October 21, 1958, from A. J. Roberts, requesting shipment of the balance of the goods, was introduced in evidence. This letter was on the letterhead referred to and was signed, simply, "A. J. Roberts."

This testimony makes out a *prima facie case* against A. J. Roberts for the purchase price of goods sold and delivered to him. It is buttressed by the following excerpts from the statement contained in the transcript of record:

"The action was brought to recover of the defendant, A. J. Roberts, the sum of One Thousand One Hundred Sixty-three and 80/100 ($1,163.80) Dollars due and owing for merchandise ordered of plaintiff by the said defendant and delivered to the business known as Roberts Jewelers in Rock Hill, South Carolina."

\* \* \*

"After the cancellation of the charter, the business continued to operate as Roberts Jewelers under the active supervision and management of A. J. Roberts at the same address. The merchandise in question was ordered on October 21,

1958, by A. J. Roberts after the cancellation of the charter of the corporation."

The testimony of A. J. Roberts is summarized in the transcript and is the only other evidence on the point. He stated that he did not know that the charter had been cancelled and "continued to operate the business as usual under the name of Roberts Jewelers and all dealings were in the corporate name of Roberts Jewelers. * * * He * * * owned all of the capital stock of the corporation at the time when the merchandise in question was purchased. The business was being operated by him at the time when the merchandise in question was purchased and he ordered the same and it has not been paid for."

The trial judge concluded that Roberts Jewelers of Rock Hill, Inc., was a *de facto* corporation when the goods in question were ordered and received, and that A. J. Roberts ordered and received these goods as agent of the corporation. Hence, he incurred no personal liability.

There is grave doubt that the members of a corporation, which has been dissolved by forfeiture of its charter, can continue its business as a *de facto* corporation. See 13 Am. Jur., Corporations, Secs. 51 and 1343 and Secs. 12-621 and 12-601, Code of 1952. Especially so, where there is no association of persons who could exercise corporate powers, which is one of the essential elements of *de facto* existence. 13 Am. Jur., Corporations, Sec. 56. However, the point need not be decided, because there is no evidence tending to support the conclusion of the trial judge that Roberts ordered these goods as agent or representative of another, and the judgment must be reversed on this ground.

The witness Sheinberg testified that the orders were received from "A. J. Roberts, trading as Roberts Jewelers." This is corroborated by the letter of October 21, 1958, and by the invoices. Counsel agreed in the statement of the case that "the merchandise in question was ordered * * *

by A. J. Roberts." Roberts testified that "the business was being operated by him at the time the merchandise in question was purchased and he ordered the same and it has not been paid for."

Roberts' further testimony that he continued the business "as usual under the name of Roberts Jewelers and all dealings were in the corporate name," can not support the finding that he in fact ordered the merchandise for the account of the corporation. If it should be found thereform that he intended to do so, he would yet be personally liable, because of his failure to disclose his representative capacity to the seller. 2 Am. Jur., Agency, Sec. 404.

Respondent challenges appellant's right to recover from him as purchaser of the goods because of the following allegation of the complaint:

"That the said merchandise was ordered by the defendant A. J. Roberts individually, *although acting for and on behalf of a non-existent corporation* and the said defendant thereby became personally liable therefor."

This allegation was simply an attempt to state an alternative theory of recovery. There is no real inconsistency between the italicized words and the claim that respondent purchased individually. One who undertakes to order and receive goods for a non-existent principal represents no one, and binds himself to pay the purchase price. 2 Am. Jur., Agency, Sec. 316; *Medlin v. Ebenezer Methodist Church,* 132 S. C. 498, 129 S. E. 830. *Lagrone v. Timmerman,* 46 S. C. 372, 24 S. E. 290.

Reversed and remanded for entry of judgment for appellant.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.