[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The case was tried after various defaults had been reopened all as appear of record.
The plaintiff, hereinafter "CLP" instituted a three count complaint seeking money damages for electrical service provided to the defendants, Joslivant and Usha Patel d/b/a Pujan Associates Inc. hereinafter "Patels" as individuals and Pujan Associates Inc. as a corporation hereinafter the "Corporation."
The First Count alleges that the Corporation was dissolved by forfeiture by the Secretary of State on October 1, 1993 (Paragraph 4). CLP further alleges that from October 20, 1994 to June 25, 1998, they provided electric services to Patels d/b/a as Pujan Associates Inc. at 30 Lansing Street, Southington. CLP alleges that as of July 30, 1999, Patels owed CLP $62,802 for the utility service provided.
The First Count sounds in Implied Contract. The Second Count sounds in Express Contract alleging that as of July 30, 1999, Patels owe CLP the same amount as alleged in the First Count for the utility service. The complaint alleges in the Third Count unjust enrichment for the claimed CT Page 11090 amount in the First and Second Counts.
Patels allege in the Special Defense (Pleading #109) that at all times the services were provided that the Patels were acting as a corporation either de jure or de facto in nature and that "there was no contract, agreement or expectation in the plaintiff that the named defendants would be liable for any of the alleged services."
The Second Special Defense essentially states that the business for which the utility service was provided was sold about June 12, 1998 and all or a portion of the amounts claimed is not the responsibility of either the named defendants (Patels), nor the Corporation. The Third Special Defense asserts that some or all of the charges claimed were part of a prior lawsuit which was settled and paid.
The principle issue in this case is for the court to decide whether the Patels are individually liable for the debt of the Corporation or whether they were acting as a de facto corporation and therefore no personal liability. Essentially the Patels assert that CLP is estopped from treating the Patels other than in their corporate capacity.
The Patels rely on the holding in Clark-Franklin-Kingston Inc. v.Romano, 12 Conn. App. 121 (1987). CLP argues that the Patels woefully misplace the holding in Romano because in Romano, the defendant an officer of a dissolved corporation, made an immediate good faith effort to reinstate the corporation after learning of its dissolution. InRomano, the court held it would be inequitable to deny the corporation's existence during a brief interval between its dissolution and its reinstatement.
In this case the court finds that the defendants never undertook to effect reinstatement and the interval of time for a claim of corporate protection by the officers and directors is more than four years later. Accordingly, the holding in Romano is inapplicable in this case.
In Romano, supra, at page 126 the court stated:
 Some courts have also held that when a corporation continues to carry on as a corporation after dissolution, and does business beyond that necessary to wind up its affairs, those operating the corporation become individually liable for corporate obligations. 19 Am.Jur.2d, Corporations § 2887; See In re Hare, 205 F. Sup. 881, 883 (D. Md. 1962); Trubowitch v. Riverbank Canning Co., 30 Cal.2d 335, 345, 182 P.2d 182 (1947); In re Estate of Plepel,
CT Page 11091 115 Ill. App.3d 803, 806, 450 N.E.2d 1244 (1983); Borbein, Young Company v. Cirese, 401 So.2d 940, 944
(Mo.App. 1966); Seavy v. I.X.L. Laundry Co., 60 Nev. 324, 331, 108 P.2d 853 (1941); Chatman v. Day, 7 Ohio App.3d 281, 284, 455 N.E.2d 672 (1982); Bulova Watch Co. v. Roberts Jewelers, 240 S.C. 280, 285, 125 S.E.2d 643 (1962); First National Bank of Boston v. Silberstein, 398 S.W.2d 914, 916 (Tex. 1966). The precise question here, however, is whether there is an exception to this general rule where all parties involved believed there was corporate existence.[1]
CLP urges the court to adopt the holding in J.M. Lynne Co. v. Geraghty,204 Conn. 361, 528 A.2d 786 (1987).
Accordingly, from all the evidence adduced at trial this court finds that the Patels cannot escape personal liability in accordance with the precedents discussed in Geraghty. Further, although there is no specific time for winding up the affairs of a corporation pursuant to the relevant statute, (see C.G.S. § 33-89), failure to do so for more than two years since the sale of the business is unreasonable.
The Court finds there is no exception to make it inequitable to hold the parties personally liable as well as the Corporation.
The next issue to be decided by the court is as to the amount due. The defendants claim in their special defenses that some or all of the charges claimed were part of a prior lawsuit which was settled and paid.
Mary Goffen, Customer Service Representative for CLP testified that utilities service to the defendants continued to be provided from October 1994 until June 1998 and that the balance owed is $62,782.70. (See Exhibit 1 final bill for $62,782.70).
Susan Cote of the Revenue Protection Department of CLP testified that the Pujan, the Corporation, account had unauthorized use of electricity and those charges had ultimately been settled with a credit upon payment by Patels of $35,000 for the unmetered service. Exhibit 4 demonstrated the unmetered claims and credits leaving a balance of $62,782.70 for unpaid utility service. The defendants have failed to meet their burden of proof that the sums due for the metered service amounts to $62,782.70.
Accordingly, for the above reasons the court finds in favor of the plaintiff to recover the sum of $62,782.70 plus court costs as to all defendants. CT Page 11092
Frank S. Meadow Judge Trial Referee