CLARK-FRANKLIN-KINGSTON PRESS, INC. *v.*
THOMAS A. ROMANO ET AL.
(4575)

DUPONT, C. J., BORDEN and DALY, Js.

Argued March 3—decision released August 18, 1987

*John S. Pinney,* with whom, on the brief, was
*Thomas E. Gaffey,* for the appellant (plaintiff).

*Thomas R. Legenhausen,* with whom, on the brief,
were *William J. Doyle* and *John J. Resnik,* for the
appellees (named defendant et al.).

*Robert W. Allen,* for the appellee (defendant William Greene).

DALY, J. The plaintiff instituted this action claiming that the defendants were personally liable for a debt due and owing for printing services provided by the plaintiff to Old Guilford Forge, Inc. The issues of this appeal are whether the corporation was a de facto corporation during the time the debt accrued, and whether the plaintiff was estopped to deny its existence as a de facto corporation. From the judgment rendered in favor of the defendants, the plaintiff has appealed.

The parties stipulated to the following facts. Printing services were provided to Old Guilford Forge, Inc. (the corporation), between May, 1980, and August, 1982, in the amount of $110,588.82. The defendants were the stockholders, officers and directors of the corporation during that time. The corporation was dissolved by the secretary of the state in May, 1980, for failure to file two successive annual reports. In June, 1980, the defendants attempted to reinstate the corporation. The defendants incorrectly assumed that this attempt had been successful. In May, 1982, upon realizing that corporate status had not been reconferred, the defendants again attempted to reinstate the corporation and were successful in August, 1982.

Throughout the time that the debt accrued, the plaintiff believed that it was doing business with the corporation. The plaintiff addressed and sent all of its bills and invoices to the corporation, and payments totaling $54,154.70, were made between January, 1981, and June, 1982, on checks drawn on the account of the corporation. These checks were accepted by the plaintiff. The defendants, at all times, held themselves out as a corporation.

At all times relevant to this opinion, General Statutes § 33-387 provided: "(b) Whenever any corporation is in default of filing two successive annual reports, or whenever any corporation has not filed its first annual report during the two-year period following the date its certificate of incorporation was filed, the secretary of the state shall prepare and file in his office a certificate of dissolution by forfeiture stating that the delinquent corporation has been dissolved by forfeiture by reason of its default."

The plaintiff asserted that since the corporation did not comply with this statute, it was dissolved and the individual defendants were, therefore, responsible for the printing services rendered during the time between forfeiture and reinstatement. The trial court found that the corporation was a de facto corporation during the interim time period and that the corporation, therefore, was responsible for the debt. Furthermore, the court found that the plaintiff was estopped to deny the corporation's corporate existence.

The basic issue in this appeal is whether the court erred in holding that the defendants are not individually liable for the obligations of the corporation incurred during the period of time when the corporation was dissolved and before it was revived. The plaintiff asserts that the court erred (1) in applying the doctrine of de facto corporations, and (2) in holding that the plaintiff was estopped from denying the corporate existence of Old Guilford Forge. We disagree.

The plaintiff first challenges the trial court's holding that the corporation was a de facto corporation during the time in question. The plaintiff asserts that Old Guilford Forge, Inc., cannot have been a de facto corporation during the period of dissolution because "once a de jure corporation is statutorily dissolved, it cannot thereafter be held to be a de facto corporation with-

out abrogating the effect of those statutes which provide for, and define the effect of dissolution." The trial court relied primarily on *Chieppo* v. *Chieppo,* 88 Conn. 233, 90 A. 940 (1914), and concluded that Old Guilford Forge, Inc., was a de facto corporation.[1] We agree.

Both parties in this case acknowledge that the corporation was a de jure corporation prior to its statutory dissolution in May, 1980. The point of dispute, and the central question on appeal, is whether a once de jure corporation which has forfeited its charter and has had its powers suspended can continue to function as a de facto corporation.

General Statutes § 33-378 (f) provides in pertinent part: "the dissolution of a corporation shall not of itself render the shareholders liable for any liability or other obligation of the corporation. . . ." Thus, dissolution does not automatically relieve the corporate entity of corporate responsibility. In addition, the reinstatement statute provides in pertinent part: "[T]he reinstated corporation shall be estopped to deny its corporate existence during such time as its rights and powers were forfeited." General Statutes § 33-388 (f). Thus, the corporation is statutorily deemed to have existed, at least as a de facto corporation, during the time of dissolution.

The basic rationale for the de facto doctrine is clearly applicable in this case. The defendants made a good faith effort to reincorporate after learning of the cor-

---

[1] In *Chieppo* v. *Chieppo,* 88 Conn. 233, 90 A. 940 (1914), a de facto corporation was found to exist where the attempt to incorporate pursuant to statute had begun, but had not been completed at the time of the transaction in question. *Chieppo* arose under a statute which required that a certificate of incorporation be filed, followed within two years by a certificate of organization. In *Chieppo,* the latter certificate was not filed within the two year period and the issue presented was whether acts done by the corporation after filing the certificate of incorporation but prior to the filing of the certificate of organization were corporate acts or individual acts. The court concluded they were the acts of a de facto corporation.

poration's dissolution. They then conducted business with the plaintiff as a corporation believing that they had a right to do so. The plaintiff dealt with the defendants only as a corporation believing them to be a corporation. Since both the plaintiff and the defendants regarded and relied upon the corporation's existence and assets, it would be inequitable to impose personal liability upon the defendants merely due to a technical defect in the reinstatement process. Such personal liability would constitute an unfair windfall to the plaintiff who never relied on the individual defendants, and an unfair burden on the defendants who thought themselves incorporated and held themselves out as such.

The broad language of our Supreme Court buttresses this theory. " 'The corporation is a de facto corporation where there is a law authorizing such a corporation and where the company has made an effort to organize under the law and is transacting business in a corporate name.' Cook, Corporations (8th Ed.) p. 773, § 234. 'A de facto corporation is an apparent corporate organization asserted to be a corporation by its members and actually existing as such, but lacking the creative fiat of the State.' Elliott, Private Corporations (4th Ed.) p. 77, § 72; 1 Thompson, Corporations (3d Ed.) § 266 and cases. 'A de facto corporation . . . is an association which actually exists for all practical purposes as a corporate body, but which, because of failure to comply with some provision of the law, has no legal right to corporate existence as against a direct attack by the State.' 14 C. J. p. 204, § 215. 'A corporation de facto is in plain English a corporation in fact. It can incur obligations as a corporation which do not bind those who associated to constitute it, in their individual capacities.' " *DiFrancesco* v. *Kennedy,* 114 Conn. 681, 687–88, 160 A. 72 (1932). In this case, the defendants clearly intended to function as a corporation, as evidenced by the fact that they had functioned as a de

jure corporation and made an immediate good faith attempt at reincorporation upon learning of their dissolution. It follows, therefore, that the plaintiff did not, by reason of the defect in the reincorporation process, acquire any rights against the individual defendants. The acts of the plaintiff in this case, done in reliance on the corporate existence of the corporation, prevent it from now claiming that the defendants had no corporate existence.

It has been held in other jurisdictions that a de jure corporation which has forfeited its charter and has had its powers suspended, cannot continue to function as a de facto corporation. 19 Am. Jur. 2d, Corporations § 2885; see *Chevron Oil Co.* v. *Clark,* 291 F. Sup. 552, 561 (S.D. Miss. 1968), aff'd in part and rev'd in part, 432 F.2d 280 (5th Cir. 1970); *Rogers* v. *Toccoa Power Co.,* 161 Ga. 524, 530, 131 S.E. 517 (1916); *Clark* v. *American Cannel Coal Co.,* 165 Ind. 213, 217–18, 73 N.E. 1083 (1905); *Bradley* v. *Reppell,* 133 Mo. 545, 556, 32 S.W. 645 (1896). Connecticut has not yet ruled on this precise issue.

Some courts have also held that when a corporation continues to carry on as a corporation after dissolution, and does business beyond that necessary to wind up its affairs, those operating the corporation become individually liable for corporate obligations. 19 Am. Jur. 2d, Corporations § 2887;. See *In re Hare,* 205 F. Sup. 881, 883 (D. Md. 1962); *Trubowitch* v. *Riverbank Canning Co.,* 30 Cal. 2d 335, 345, 182 P.2d 182 (1947); *In re Estate of Plepel,* 115 Ill. App. 3d 803, 806, 450 N.E.2d 1244 (1983); *Borbein, Young & Company* v. *Cirese,* 401 S.2d 940, 944 (Mo. App. 1966); *Seavy* v. *I. X. L. Laundry Co.,* 60 Nev. 324, 331, 108 P.2d 853 (1941); *Chatman* v. *Day,* 7 Ohio App. 3d 281, 284, 455 N.E.2d 672 (1982); *Bulova Watch Co.* v. *Roberts Jewelers,* 240 S.C. 280, 285, 125 S.E.2d 643 (1962); *First National Bank of Boston* v. *Silberstein,* 398 S.W.2d 914, 916 (Tex.

1966). The precise question here, however, is whether there is an exception to this general rule where all parties involved believed there was corporate existence.[2]

The plaintiff's second claim of error is that the court erred in finding that the plaintiff was estopped from denying Old Guilford Forge's corporate existence. The defendants argue that since both parties believed that Old Guilford Forge was a viable legal corporation during the time the debt accrued and did business with each other in the same fashion as they had prior to that period, the plaintiff could not deny Old Guilford's corporate existence. We agree.

General Statutes § 33-388, provides in pertinent part: "(a) At any time within three years after dissolution . . . a corporation may be reinstated as provided in this section. . . .

"(f) Upon the filing of the certificate of reinstatement with the secretary of the state, reinstatement shall be effective, the corporate existence of the reinstated corporation shall commence and it shall be revested with its corporate rights and powers. . . . Any claim against the corporation barred as provided in section 33-379, and not otherwise barred, shall be relieved of such bar upon reinstatement of the corporation and *the*

---

[2] Our Supreme Court has recently upheld a trial court decision which imposed individual liability for a debt on the theory that the defendant, a corporate officer and the sole stockholder of a corporation, continued to conduct corporate business after the corporation had been dissolved but before its reinstatement. *J. M. Lynne Co.* v. *Geraghty,* 204 Conn. 361, 528 A.2d 786 (1987). In contrast to the present case, there is no indication in *J. M. Lynne Co.* v. *Geraghty,* supra, that the individual defendant made an immediate, good faith, attempt to reinstate the corporation upon learning of its dissolution, or that he believed he was operating as a corporation. Thus, there was no basis upon which the dissolved corporation could have been deemed a de facto corporation during the period of dissolution. In addition, *J. M. Lynne Co.* v. *Geraghty,* was decided not on the law of this jurisdiction but on the basis of New York law, pursuant to stipulation by the parties.

*reinstated corporation shall be estopped to deny* its corporate existence during such time as its rights and powers were forfeited." (Emphasis added.) It would be inconsistent to hold that the plaintiff *can* deny the corporation's existence while simultaneously holding that the reinstated corporation *cannot* deny its existence during the time its rights were forfeited, especially where the plaintiff believed it was dealing with a corporation. *Don Rich Corporation* v. *Rossini,* 1 Conn. App. 120, 122, 468 A.2d 1273 (1983).

Generally, one who has dealt with either a de facto or a de jure corporation is estopped to deny its corporate existence. 18A Am. Jur. 2d, Corporations § 262; see *Lettinga* v. *Agristor Credit Corporation,* 686 F.2d 442, 446 (6th Cir. 1982); *Lamas* v. *Baldwin,* 140 Ga. App. 37, 40–41, 230 S.E.2d 13 (1976); *United States Vinegar Co.* v. *Schlegel,* 143 N.Y. 537, 543, 38 N.E. 729 (1894). Indeed, *West Winsted Savings Bank & Building Assn.* v. *Ford,* 27 Conn. 282 (1858), provides early authority for the application of this doctrine in Connecticut.

We have concluded that Old Guilford Forge, Inc., was a de facto corporation during the time the debt accrued. Since it was a de facto corporation, the trial court properly applied the doctrine of corporation by estoppel, thereby insulating the individual defendants from liability. Any recourse that the plaintiff may have in this case is against the corporate entity.

There is no error.

In this opinion the other judges concurred.