[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties have submitted this dispute on stipulated facts and memoranda of law. The issue for the court to decide is whether on the facts of this case an individual, sole shareholder, officer CT Page 8519 and director of a dissolved Maryland corporation can be held liable on a promisory [promissory] note of the corporation which was executed after the corporation had its charter forfeited by the state of Maryland.
The parties have not indicated whether Maryland or Connecticut law governs the question. However, they have treated it as if Connecticut law applies and so will the court. The disposition of this case depends upon a proper application of the Appellate Court's decision in Clark-Franklin-Kingston Press Inc. v. Romano,12 Conn. App. 121 (1987). Connecticut has long recognized the existence of de facto as opposed to de jure corporations. Di Francesco v. Kennedy, 114 Conn. 681 (1932). Only in the Romano case, supra, was that recognition extended to post de jure status. The facts in Romano are very similar to those involved in this case. The major difference is that in Romano the defendant attempted to reinstate the dissolved corporation but did so unsuccessfully. The plaintiff relies on the defendant's conduct in Romano, distinguishing it from that of the defendant in this case.
A careful reading of Romano reveals that the court did not hold that a good faith attempt at reinstatement is an essential ingredient of either de facto status or corporation by estoppel. Such conduct by the dissolved corporation was only one of several factors which the court considered. Most important, was how the parties acted with respect to one another. The language of the court is particularly appropriate. "They then conducted business with the plaintiff as a corporation believing that they had a right to do so. Plaintiff dealt with the defendants only as a corporation believing them to be a corporation. Since both the plaintiff and the defendants regarded and relied upon the corporation's existence and assets, it would be unequitable to impose a personal liability upon the defendants merely due to a technical defect in the restatement process. Such personal liability would constitute an unfair windfall to the plaintiff who never relied on the individual defendants, and an unfair burden on the defendants who thought themselves incorporated and held themselves out as such." Id. at 125.
In this case, the defendant was unaware that his corporation had been dissolved at the time he signed the note. Since January 27, 1988, the plaintiff treated the defendant as a corporation. Since the inception of the note the defendant made payments through May 27, 1991. The plaintiff relied on the corporation's 1986 U.S. income tax return and the assets and income that it showed when it made the loan. During the entire period of their relationship, CT Page 8520 prior to commencement of the suit, the parties believed that CM Construction Inc., was a viable corporation and dealt with one another accordingly. The plaintiff may not now be allowed to deny its corporate existence.
Judgment may enter for the individual defendant Valentino Ciccone.
MOTTOLESE, J.
Decision entered in accordance with the foregoing. October 18, 1993
All counsel notified — October 18, 1993