[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #110
The plaintiff brings this action against Thatcher Duni and Joanne Duni, d/b/a Life Design Systems. This action arises from a claim that the plaintiff was injured by using a batting cage allegedly operated by the defendants.
The defendants have moved for summary judgment on the ground that, on the day of the alleged occurrence, February 22, 1992, they were doing business, not as individuals, but as a corporation, Life Design Systems, Inc., and cannot therefore be personally liable.
From the documents submitted by both sides, it appears that the corporation was dissolved on or about March 30, 1990 for failure to file a biennial report. At an annual meeting on June 30, 1992, a resolution to reinstate the corporation was adopted and the necessary steps were thereafter taken to accomplish that result. During the interval, on February 22, 1992, the plaintiff claims the occurrence giving rise to her injuries took place.
It is the claim of the defendants that Life Design Systems, Inc. was a de facto corporation at the time of the plaintiff's injuries and, thus, they cannot be held personally liable. In support of their position, the defendants rely on Clark-Franklin-KingstonPress, Inc. v. Romano, 12 Conn. App. 121 (1987). The plaintiff, discussing J.M. Lynne Co. v. Geraghty, 204 Conn. 361
(1987), argues that the Clark case is not controlling as it is distinguishable on its facts.
The court believes that the circumstances in Clark distinguish it from the case at bar. In reading both Clark and Lynne, it appears that the majority rule is that officers that continue to conduct business after dissolution may be held personally liable regardless of subsequent reinstatement.
The court in Clark noted that the defendants made a good faith CT Page 678 effort to reincorporate after learning of the dissolution and then dealt with the plaintiff as a corporation and the plaintiff dealt with them as a corporation, relying on the corporate status andcorporate assets. After stating that some courts hold individuals liable in circumstances similar to those at hand, the Clark court stated at page 127: "The precise question here, however, is whether there is an exception to the general rule where all parties involved believed there was a corporate existence."
In this case, it is not at all clear that there was a good faith effort to reinstate the corporation in a timely fashion. Unlike the situation in Clark, this is not a case where the plaintiff relied upon the corporate existence or its assets, by simply, at least according to the complaint, decided to use a batting cage.
The motion for summary judgment is therefore denied.