[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By agreement of counsel two matters were heard at the same time since the defendants were the same in each case and the plaintiffs were two separate corporations but owned by the same party. The first case is Machine Tool Technologies, Inc. (Machine Tool) v. Acorn Trading Co., Inc. (Acorn) docket # 350942 and the second case is C/H Industrial Sales, Inc. (C/H) v. Acorn Trading Co., Inc. (Acorn) docket # 350925. Both matters were commenced by complaints dated August 3, 1993 with a return date of August 24, 1993 for each complaint. Further both complaints were filed with the court on August 12, 1993. In the C/H matter the defendants filed an answer on August 12, 1993 and an amended answer of August 17, 1993. In the Machine Tool matter the defendants filed an answer on August 12, 1993. In both matters a withdrawal was filed as to Fred Camp an original defendant. The remaining defendants in each matter are Acorn Trading Co., Inc. and Stuart H. Paley.
After the first day of trial the court ordered the plaintiff in each matter to file an amended complaint and make separate counts as to each defendant and as to each cause of action against each defendant. The plaintiffs filed their amended CT Page 13197 complaint on November 13, 1995.
It was stipulated to that the defendant Stuart H. Paley was the President and sole shareholder during the entire time that the defendant, Acorn Trading Co., Inc. existed.
Norman Pepe testified that he was the President of each of the plaintiff corporations. He stated he has owned C/H for eight years and Machine Tool for six years. He stated C/H is an electrical repair facility and Machine Tool is a mechanical repair facility. He testified that he met the defendant Stuart H. Paley in September 1992 when he (Paley) hired the plaintiffs to repair an engraving machine. Mr. Pepe testified that Mr. Paley stated that this machine was a very complicated machine that no one could get to work. Mr. Pepe stated Mr. Paley always said he was going to pay the plaintiffs. He stated he had no reason to know the defendant was a corporation. He said Mr. Paley never held himself out as the president of the defendant corporation. Mr. Pepe stated that both plaintiffs worked on Mr. Paley's machine between September 22, 1992 and January 1993 and that the plaintiffs got said machine operational.
William J. Charamut general manager of Machine Tool testified that he too met Mr. Paley in September 1992 and reached an agreement with him for Machine Tool to repair the same aforesaid machine. He stated he talked several times with Mr. Paley and he (Paley) never said the corporation would pay but instead said, "I guarantee I will not let you get hurt." Mr. Charamut stated he never knew that Acorn was a corporation.
The plaintiffs claim they repaired the defendants' machine and that Machine Tool is owed $11,150.10 and C/H $16,175.90 by the defendants. (See exhibits A, B and AA).
The defendant Stuart H. Paley testified that he was at all times acting as an officer of the corporation, Acorn Trading Co., Inc. and not as an individual when dealing with the plaintiff corporations. He stated that he entered into an agreement with the plaintiffs to repair an engraving machine he owned. However he testified he informed the plaintiffs representatives that the cost of the repairs was not to exceed $2,500.00. He testified that he did not pay the plaintiffs because they never got the machine operational. All parties admit that the defendant Stuart H. Paley paid each plaintiff $500.00 on account by way of a personal check (Exhibit C). Mr. Pepe stated he did not have a copy of the check CT Page 13198 representing the $500.00 payment to Machine Tool. Mr. Paley testified he paid the plaintiffs from his personal account because Acorn's account had no funds in it. When asked why he didn't deposit his personal funds in Acorn's account and then pay the plaintiffs from that corporate account he said he did not have time to do that because the plaintiffs wanted to be paid at once. He further stated that the machine only became operational when people from the area worked on it. He did not know their names or addresses of these people who got said machine to operate. He knew one of them was a high school student named Jansen who lived nearby and now lives in New York. Mr. Paley testified that the plaintiffs burned out major electrical components of the machine but that he did not know enough about the electrical workings of the machine to know that. He stated he learned about this when he took parts of the machine to Schultz Electric Company to see if then could repair it. Mr. Paley stated he was the owner and sole stockholder of Acorn Trading Co., Inc. However, he testified he did not know who were its officers and directors at any time during its existence. Mr. Paley stated that he was acting as an officer of a corporation and not as an individual when he contracted with each plaintiff. However he never signed any of the work orders or invoices as a corporate officer except on four of such documents he signed his name and the name "Acorn Trading". (Exhibits A, B1-B5, AA1-AA15). The Acorn Trading Co., Inc. was formed as a Connecticut Corporation on July 27, 1990 and was terminated by a certificate of Dissolution or Revocation filed by the Secretary of State's office on March 30, 1990. (Exhibit D, BB). This dissolution or forfeiture occurred because the corporation failed to file a biennial report. Thus when the plaintiffs contracted with the defendants in September of 1992 the Acorn Trading Co., Inc. was no longer a corporation in good standing in the State of Connecticut having forfeited its charter for failure to file its biennial report. The defendants cite the case of Clark — Franklin — Kimpton Press v. Romano,12 Conn. App. 121 (1987) for the proposition that a corporation who loses its corporate charter for failure to file annual reports is nonetheless a de facto corporation when it continues its corporate operation and its officers and employees are not personally liable for corporate debts. Here the defendant's attorney argue that Acorn Trading Co., Inc. was a de facto corporation and as such Mr. Paley is not personally responsible for the debts due to the plaintiffs. However in the Clark-Franklin case the plaintiffs thought that the defendant corporation was in fact a corporation when the defendant corporation became indebted to the plaintiff. That court held under those facts that the plaintiff was estopped from denying the fact that the defendant corporation was a de facto CT Page 13199 corporation and therefore could not hold the defendant corporation's stockholders, officers or directors liable for the corporate debt. Here the testimony of Norman Pepe the president of both plaintiff corporations was that he thought he was dealing with Stuart H. Paley as an individual or sole proprietorship and that he did not think he was dealing with Mr. Paley as an agent of a corporation.
The court found the testimony of the plaintiff's witnesses to be credible. The parties stipulated that if the court finds that money is due to the plaintiffs the amount due C/H Industrial Sales, Inc. is $11,150.10 and the amount due Machine Tool Technologies, Inc. is $16,175.90.
After hearing the evidence the court finds that the defendant Stuart H. Paley was acting as an individual in both of these matters when he contracted with the plaintiff in each matter for the aforesaid work.
In the Machine Tool Technologies, Inc. v. Acorn Trading Co., Inc., et al. matter the court finds that the plaintiff has sustained its burden of proof and finds the issues for the plaintiff and against the defendant Stuart H. Paley on the Third Count in the complaint in the amount of $16,175.90 plus statutory interest of ten (10%) percent on said amount from September 1, 1993. Thus the court finds the defendant, Stuart H. Paley to be individually liable for said amount. As to Counts One and Two in the complaint in that matter the plaintiff did not sustain its burden of proof and the court finds the issues for the defendant, Acorn Trading Co., Inc. on these counts.
In the C/H Industrial Sales, Inc. v. Acorn Trading Co., Inc., et al. matter the court finds that the plaintiff has sustained its burden of proof and finds the issues for the plaintiff and against the defendant Stuart H. Paley on the Third Count in the complaint in the amount of $11,150.10 plus statutory interest of ten (10%) percent on said amount from September 1, 1993. This the court finds the defendant Stuart H. Paley to be individually liable for said amounts. As to Counts One and Two in the complaint in that matter the plaintiff did not sustain its burden of proof and the court finds the issues for the defendant Acorn Trading Co., Inc. on those counts.
Judgment may enter, accordingly in each file together with costs. CT Page 13200
William J. Sullivan, Judge