[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In his Second Amended Complaint plaintiff Donald L. Grosso states that at all times material he was the owner of certain property known as 470 Oakville Avenue, Oakville, Connecticut, hereafter also referred to as the premises. The premises consisted of a three — story Victorian House, and two garages, the larger of which was built close to the house, the smaller constructed at a greater distance away.
Through the First and Fourth Counts of the Second Amended Complaint the plaintiff claims that he rented the premises to defendants Mark R. Werenko, Marcia F. Werenko and Mark's Landscaping, Inc. for a monthly compensation of 1,250.00, and that these defendants vacated the premises while owing rent in the amount of $3,400.00.
Through the Second and Fourth Counts of the Amended CT Page 12722 Complaint the plaintiff alleges that defendants Mark R. Werenko, Marcia F. Werenko, and Mark's Landscaping, Inc. are responsible for damages caused and waste committed upon the premises. The plaintiff claims in this regard that said defendants are liable to him for $3,050.00, as the cost of repair.
The defendants deny the material allegations of the plaintiff's claims for damages. In a Special Defense, he defendants contend that if any indebtedness to the plaintiff exists at all, it is a corporate debt of Mark's Landscape, Inc. Furthermore, by way of Set-Off and/or Counterclaim, the defendants assert that the plaintiff is indebted to Mark's Landscaping, Inc. for its payment of gas bills for portions of the premises which it did not rent. The plaintiff denies this claim.
REVIEW OF EVIDENCE
 FINDINGS
Evidence presented at the trial establishes that Mark Werenko approached Donald Grosso sometime prior to March 25, 1986, and requested to rent space for conducting a landscaping business. On or about March 25, 1986, the plaintiff accepted a check of even date from Mark's Landscaping, Inc. that included the notation "first and last months rent." At about that time Mark Werenko and Donald Grosso entered into a verbal agreement whereby the latter leased out on a month-to-month basis the entire first floor and two rooms on the second floor of the Victorian house as the principal office space out of which the landscaping business was conducted. Included in the lease was the right to use the bathroom in the basement of the house. Other tenants occupied the third floor of the house, as well as some space on the second floor. In addition to the space in the Victorian house, Mark Werenko rented certain space in the two garages situated on the property.
Mark Werenko's business commenced occupancy in April of 1986. Early on in the tenancy, Mark Werenko constructed a detachable addition to the small garage by using greenhouse screens, sheetrock and plastic. Furthermore, Mark Werenko planted shrubbery in front of CT Page 12723 the house by placing the shrubbery in a mound of mulch, and not in the soil.
About June 21, 1991, the parties were considering the purchase of the premises by Mark Landscaping, Inc. In this regard, a Sales Agreement was executed in June of 1991 which lists the buyer as Mark Landscape, Inc., by Mark Werenko, President. The purchase did not occur.
Although for all times material Mark Werenko continued to operate Mark's Landscape, Inc., the Secretary of the State of Connecticut forfeited the certificate of the corporation on July 31, 1992.
The evidence presented at the trial further establishes that in December of 1992 Mark Werenko informed Donald Grosso that he planned to vacate the premises by the end of that month; that he in fact did vacate the premises on New Years Eve — December 31, 1992; and that he mailed the keys to the plaintiff at about 10:00 p. m. on that day. Mark Werenko removed the shrubbery and returned the soil thereunder to its previous condition. However, he did not remove the addition which he attached to the small garage.
The plaintiff claims that he is owed rent for the months of November and December of 1992, and for the month of January of 1993. At the rate of $1,250 per month the plaintiff calculates his damages in back rent at $3,750, minus a security deposit of $350. Thus, the adjusted rental claim is $3,400. Mark Werenko responds by stating that the rent for the month of December was paid and that the evidence of that is exhibit A, the rental check of Mark's Landscape Inc., dated March 25, 1986, which includes the notation "first and last month's rent." This check was payable to Donald Grosso in the amount of $700. The court finds that plaintiff's testimonial evidence supports the fact that the rental amount was later increased in consideration of the landscaping business occupying more space. This finding is confirmed by Mark Werenko's remaining on and using the premises after the increase, and by paying the higher rent.
As to the amount of unpaid rent, this Court finds that CT Page 12724 $2,500 is due as unpaid rent for the months of November and December of 1992. After crediting $350 paid as ". . . the last month's rent," the court finds that the adjusted amount due is $2,150.
Regarding plaintiff's complaint for compensation for physical damages to and waste committed upon the premises, the court finds that the only credible evidence presented supports plaintiff's claim for the cost of repairing broken glass, and for removing the greenhouse structure which Mark Werenko attached to the small garage. From the evidence presented the court finds that $15.00 is a reasonable amount for replacing the broken glass, and $400.00 is a reasonable estimate for removing and disposing of the attached structure.
As to any of plaintiff's remaining claims for damages, the Court finds that they are lacking in legal and factual substance.
The remaining and probably principal issue in this case is whether the damages for unpaid rent and removal of the structure is the responsibility of Mark Landscaping, Inc., now defunct, or of Mark Werenko and/or Marcia Werenko individually.[1]
The Court finds that at all material times the plaintiff's dealings legally were with Mark Landscaping, Inc. Accordingly, the court finds that at the time that Mark Landscaping, Inc. vacated the plaintiff's premises, Mark Landscaping, Inc. was a defacto corporation as that term is defined and regarded in Clark Franklin — KingstonPress, Inc. v. Romano, et al., 12 Conn. App. 121, 127-128
(1987), and that the only party liable for plaintiff's claims is Mark's Landscaping, Inc.
The Court finds that the defendants have not introduced evidence sufficient to support their counterclaim.
For the foregoing reasons, judgment shall enter in the amount of $2,565.00 for plaintiff Donald Grosso on his complaint against Mark Landscaping, Inc.; judgment shall enter in favor of defendants Mark Werenko and Marcia Werenko on the plaintiff's complaint; and judgment shall enter in favor of the plaintiff on the defendants' CT Page 12725 counterclaim.
Clarance J. Jones, Judge