[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff corporation, Phelps, Inc., against a private person Ronald Friedman, claimed in the complaint to be "Ronald Friedman dba American Building Contractors, Inc."
The plaintiff corporation entered into a written agreement, on the plaintiff's printed form captioned "Proposed Phelps" to accomplish certain excavation work to dig and backfill two additional foundations and to dig, install and backfill a sewer connection, for the total price of $4,700.00. The agreement is dated July 29, 1994. Additionally, the plaintiff did further work in October, 1994 for an additional charge of $2,000. In September of 1994 the plaintiff did additional backhoe and labor work at a charge of $127.00. This work was done as a subcontractor in connection with renovations which were being accomplished at the home of persons identified as Tony and Lauri Cacio, in South Windsor, Conn.
The plaintiff's proposal, on its letterhead, contained the following captioned space: "Proposal Submitted to." Typed into that space is the following: "Attn. Bob Engstrom, Sales Mgr. American Building Contractors, Inc."
The proposal form is signed, in the space for authorized signature, by Mr. Phelps. Testimony established that Mr. Phelps is the president of the plaintiff Phelps, Inc. All of the dealings between the plaintiff and the other contracting entity were conducted by said Mr. Murry Phelps.
The signature spaces on the bottom of the form, for the other party contain two spaces, one under the other. The top space has the handwritten name "American Bldg. Contractors, Inc." Directly under that is the signature of Bob Engstrom who is identified at the top of the form, as aforesaid, as Sales Mgr.
The name of the defendant herein, Ronald Friedman, does not appear anywhere on the contract document. Nor does the name CT Page 1055 Ronald friedman appear on any contract document with the property owners Cacio. These latter documents are signed by Bob Engstrom on the line "Signature of Contractor or authorized representative."
It is not claimed in this action that Mr. Engstrom is a contracting party or has any personal responsibility as concerns this claim.
There is no indication in the evidence, nor is it claimed that the plaintiff or any of its personnel had any prior business dealings with the named entity to whom the proposal was directed — American Building Contractors, Inc. Nor is there any indication, nor is it claimed, that the plaintiff had any prior contact with, familiarity with, or business dealings with the defendant Ronald Friedman or any organization that the defendant was related to in any capacity.
The plaintiff's president, Murry Phelps, testified that he believed that he was dealing with a corporation. He thought that the corporation bore the name American Building Contractors, Inc., which is the name to which he directed the proposal and which was the name of the entity appearing as a signatory of the proposal.
The plaintiff does not claim, nor is there any evidence that he ever sent any bills or invoices or correspondence directed to the defendant personally.
A series of eight bills have been entered in the trial as exhibits. Each of these bills are directed solely to American Building Contractors, Inc. The name of the named defendant Ronald Friedman, does not appear on any of the bills.
The plaintiff does not claim that it, or anyone on its behalf, inquired of anyone as to the corporate name, identity, standing or fiscal and financial background of the name American Building Contractors, Inc. Nor did the plaintiff inquire as to, or to verify, the Connecticut Registration Number which these contractors, including the plaintiff itself and the defendant, have and are required to have to do this type of work. Nor did the plaintiff attempt to accomplish any type of credit check for that name. Nor did he ask for any type of personal guarantee from any natural or corporate entity or persons. Stated otherwise, the plaintiff does not claim that it relied upon any knowledge of or CT Page 1056 representation by anyone concerning the fiscal responsibility or financial standing of a corporation of that name.
The corporation with which the defendant is affiliated is a Connecticut corporation with the corporate name of New England Windowman/American Building Contractors, Inc. The "Organization and First Biennial Report", by certified copy from the secretary of State lists that specific complete name, and is an exhibit in this action. The corporation was organized by a meeting of August 2, 1990. The certificate is filed with the Secretary of State August 3, 1990. The President/Treasurer is listed a Judith Friedman, 45 Tiffany Drive, South Windsor. The Vice President/Treasurer is listed as Herman Friedman, 86 Dover Road, West hartford. The court can drawn an inference that the defendant is related in some fashion to the Vice President by virtue of identity of address and last name. The evidence demonstrates that the defendant is employed by the corporation in some type of management capacity.
The plaintiff has produced evidence that there was at one time, on file with the secretary of State a corporation bearing a four word name "American Building Contractors, Inc." The certificate from the Secretary of State's Office reveals that this other corporation was organized January 29, 1980 and filed with the Secretary of state January 29, 1980. The president and treasurer of that corporation was listed on the certificate as Richard M. Quinto, 6 Sunset Lane, Bolton, Conn. and the treasurer was listed as Barbara J. Quinto, 6 Sunset Lane, Bolton, Conn.
The records of the Secretary of State reflects that said corporation "American Building Contractors, Inc." was dissolved by forfeiture by the Secretary of State on march 15, 1985.
The defendant herein, Ronald Friedman, had no connection with, had nothing to do with, that corporation. There is no evidence to indicate that the defendant ever knew of or had any connection with that corporation or with a Richard Quinto or Barbara Quinto, whomever they may be.
It should be noted, in passing, that similarity in the issuance of corporate names should be avoided, so as to avoid potential confusion caused by a patron relying upon a similar name, and its goodwill. See General Statutes § 33-288; 33-287, and the role of the Secretary of state in this process. See 17 Op. Atty. General 130 (1931). In the instant case, there CT Page 1057 is no evidence to indicate that the incorporators of this corporation and any knowledge whatsoever of the past existence of the then long defunct corporation, nor of its name. There is no evidence to indicate that the plaintiff placed any reliance upon any corporate name.
The corporate name of the corporation with which the defendant is affiliated is New England Windowman/American Building Contractors, Inc. The first part of the name "New England Windowman" derives from a franchise which the corporation has, from which it buys windows for installation. The "logo" "New England Windowman", with the drawing of a man and a window, appears on the corporation's contract with customers for general renovations, and is prominently displayed to the left of the said written caption "American Building Contractors, Inc." The logo and its words are to the left of the written caption, though not a running part of the same sentence. The only reason that this is done is to distinguish the general contractor activity, in these general contracts for renovations, from the more limited activity of doing only windows. The corporation's Connecticut Registration #, i.e. CT. Reg. 534940 is clearly displayed in the heading. This obviously should provide a source of inquiry for anyone choosing or determining to do business with this corporation. The full name of the corporation is set forth on the defendant's checks, which belies any innuendo that the corporation is seeking to conceal its corporate identity from the public.
The reason for separating the logo and its wording from the construction activity nomenclature may well have made good business sense so that a customer is aware that it is dealing with a building contractor activity rather than a more limited activity of window installing. This could theoretically be a problem if one were to claim that it was misled by the corporation failing to set forth the entire corporate name on a single running line or continuous sentences or a single enclosed block of words. No such circumstances exist in this case.
The court determines that there was no intent to deceive, nor was there any deception, nor does the plaintiff's claim that it did in any fashion rely upon its knowledge of only one part of the corporate name rather than an entire corporate name, as would have been the correct description if the corporate name was spelled out in a contiguous line or sentences, in determining to enter into this contract. CT Page 1058
 II.
The corporation has come upon hard times and apparently became unable to pay its bills, and is no longer conducting business. Mrs. Cacio, the customer, testified, being called by the plaintiff. She apparently has no complaint about the work performed by the contractor or by the plaintiff, and is not a party to this litigation. The quality of the work performed is not a matter of serious contest in this litigation.
The plaintiff's complaint is in two counts. The first count alleges that the defendant Ronald Friedman "was an individual doing business under the name American Building Contractors, Inc.".
The plaintiff admits that it, Phelps Inc., through its president Murry Phelps, knew that it was doing business with and had its contract with a corporation. The court also finds that the defendant, Ronald Friedman, knew and believed that he was acting solely in his capacity for the corporation. The essence of the claim of the plaintiff is that it did not know the full name of the corporation. No claim is made that the plaintiff was mislead in any fashion by not having knowledge of the complete corporate name, or that the plaintiff was hindered in any fashion from making inquiry as concerns the contracting party. It chose to make no inquiry whatsoever.
Where both of the contracting parties believe that the party with whom the creditor deals was a viable legal corporation during the time the debt occurred, and they did business with each other under such belief then the creditor cannot be heard to disavow that belief merely because the corporation is unable to pay the debt. See Clark-Franklin-Kingston Press, Inc. v. Romane,12 Conn. App. 121, 126, 127, 128 (1987). One who deals with either a de facto or a de jure corporation is estopped to deny its corporate existence. Clark-Franklin-Kingston Press, Inc.
supra, p. 128.
Here, the plaintiff and the defendant both believed that they were dealing with — that the contracting debtor — was a corporation. And they were both correct. The only difference between the parties is that the plaintiff, in retrospect, believed that the name of the corporation was American Building Contractors, Inc. whereas the actual name was New England Windowman/American Building Contractors, Inc. The factual CT Page 1059 circumstances of this case must be distinguished from that of NewEngland Whalers Hocky Club, Inc., 1 Conn. App. 680 (1984) wherein the name given was not a mere abbreviation of the name of an actual corporation, the billing address given was the actual address of the individual, billings were sent to the individual, the other party looked to the individual for payment, and that the individual stated that he would pay the bill in forbearance of turning the matter over for collection. And that the defendant therein personally signed the contract, ostensibly as an officer of the corporation, where he was neither an officer or vice president of what must have been know to him to be a nonentity. (As to the latter, it is not claimed herein that the defendant even signed the contract, which is a far cry from signing a contract in a deceptive capacity).
Here the individual defendant gave the plaintiff no reason to believe that he was dealing as an individual in a private capacity, in any of the dealings between the parties. Nor did the plaintiff ever believe that he was dealing with other than a corporation. There is little question but that the corporation New England Windowman/American Building Contractors, Inc. is obligated on this contract, and could have been made party to this suit and/or sued for this obligation now, in the past, or in the future. The plaintiff cannot prevail on the first count of the complaint.
 III.
The second count of the complaint sets forth a claim under Connecticut General statutes § 42-110b, the Connecticut Unfair Trade Practices Act, CUTPA.
The plaintiff claims that because the corporation did not use its full corporate name, it should have filed a certificate of trade name with the town clerk, under the provisions of General Statutes § 35-1. The plaintiff herein cites the last sentence of the statute: "Failure to comply with the provisions of this section shall be deemed to be an unfair or deceptive trade practice under subsection (a) of section 42-110b."
General Statutes § 41-110g states: (a) "Any person who suffers any ascertainable loss of money . . . as a result of or employment of a method, act or practice prohibited by section42-110b may bring an action . . . to recover actual damages." CT Page 1060
The court first addresses the requisite aspects of General statutes § 35-1 as concerns corporations using trade names other than their own name. The statute state, in part: "Such certificate shall be executed . . . in the case of a corporation . . . by an authorized officer thereof." There is no evidence before the court to indicate that this individual defendant was an officer of the corporation. The corporate documents filed with the secretary of state, defendant's exhibit C, demonstrate that he was not in fact an officer of the corporation New England Windowman/American Building Contractors, Inc. This is a statute providing criminal sanctions of "five hundred dollars or imprisonment of more than one year." This is not to say that in an appropriate criminal proceeding, a corporation may not be fined, or conceivably the officers may be jailed or may conceivably be subject to civil sanctions for failure of a corporation to comply with General Statutes §35-1.
The evidence reflects that the plaintiff had properly forwarded a copy of the complaint to the Attorney general. The Attorney general did not thereafter become a party in this litigation. This case does not deal with the power of the State of Connecticut to impose disciplinary sanctions against corporations or corporate officers through the issuance of injunctions or civil penalties under General Statutes §42-110o.
If one were to assume, for the purpose of argument, that persons who are not officers of a corporation may be held personally responsible, either criminally, or for civil penalties payable to the state for the failure of a corporation to file a certificate of trade name — because of using a part but not the whole of its corporate name — yet the plaintiff herein would not have established a right to damages in this action. As aforesaid General Statutes § 42-110g(a) requires that the plaintiff establish that he sustained loss of money or property as a result
of an unfair practice.
It is clearly established under the law of this state that to establish a causal relation between a defendant's tort and a plaintiff's claimed damage the defendant's tort must have been a substantial factor in producing the damage complained of. Mahoneyv. Beatman, 110 Conn. 184, 195 (1929). This is referred to as proximate cause. The first inquiry as to proximate cause is "would the injury have occurred were it not for the actor s CT Page 1061 conduct." Doe v. Manchumer, 212 Conn. 748, 757 (1959. If the loss would have so occurred without the defendant's conduct, here the alleged failure of the corporation to file a trade name, the defendant's conduct would not be a proximate cause of the plaintiff's loss.
The plaintiff herein does not claim that had someone filed a certificate of trade name the plaintiff would have made any decisions different than the decision which it did in fact make in entering into and performing this work. Had the plaintiff known the full corporate name of the corporation the end result would have been exactly the same. No claim is made as to reliance on one name rather than another, or that it would have made further inquiry, or the like, or that it would have done anything different than what he did.
The court determines that even if it could be established that the individual defendant would have been authorized by law, as a non-officer, to file a certificate on behalf of the corporation, (which he would not be so authorized or required under the literal reading of General Statutes § 35-1,) a failure to file such a certificate would not, under the facts proven here, be a proximate cause of the loss of money or property of the defendant. The plaintiff's claim for damages under CUTPA, General Statutes § 42-110a et sec. cannot prevail.
For the reasons set forth herein, the court finds for the defendant on the first count of the complaint and the court finds for the defendant on the second count of the complaint. Judgment enters for the defendant in this action.
L. Paul Sullivan, J