[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. FACTUAL BACKGROUND
This action arises out of a complaint alleging a breach of contract for the sale of land between the defendant, Armco, Inc., as seller and the plaintiff, Enviro Properties Corp., as buyer. The contract at issue involved the sale of a parcel of real estate known as 2061 State Street in the Town of Hamden, Connecticut. After entering into a purported valid and binding contract with Enviro, Armco has refused and continues to refuse to convey the property to Enviro in accordance with the claimed contract terms.
On or about January 5, 1999, Enviro served a seven count complaint on Armco alleging claims for: (i) specific performance; (ii) breach of contract; (iii) negligent misrepresentation; (iv) reckless misrepresentation; (v) intentional misrepresentation; (vi) violation of the Connecticut Unfair Trade Practices Act (CUTPA); (vii) promissory estoppel.
After this complaint was served, Armco discovered for the first time that there was no record of a corporation named Enviro Properties Corp. on file with the Connecticut Secretary of State or any other state.
Enviro claims it was organized and established under Connecticut law. It claims it held regular board meetings as well as shareholders CT Page 3575 meetings. However, Enviro concedes that it did not file the corporation's articles of incorporation with the Secretary of State and that it was electing to wait and file them at the time that Enviro closed on the property in dispute.
Armco has filed a motion to dismiss the action, claiming lack of subject matter jurisdiction, because it claims that Enviro is a nonexistent entity, not entitled to sue or be sued under Connecticut law.
 II. ISSUE AND HOLDING
The issue presented to the court is whether the defendant's motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction should be granted.
The Court holds that Enviro Properties Corp. is a nonexistent entity which lacks the right to sue or be sued under Connecticut law and accordingly the court lacks subject matter jurisdiction. The complaint is dismissed.
 III. DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law in fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531 (1991). "If a party is found to lack standing, the court is without subject matter jurisdiction to decide the cause. . . . [T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." Ramos v. Vernon,254 Conn. 799, 808 (2000).
The plaintiff argues that it has standing because it is a legally existing de facto corporation. Under Connecticut law, "[t]he corporation is a de facto corporation where there is a law authorizing such a corporation and where the company has made an effort to organize under the law and is transacting business in a corporate name."Clark-Franklin-Kingston Press, Inc. v. Romano, 12 Conn. App. 121. 125, cert. denied 205 Conn. 803 (1987). In Clark-Franklin the courts held that the basic rationale for the de facto doctrine was that the defendants must have made a good faith effort to reincorporate after learning of the dissolution of the corporation. Id., 124-25.
The Appellate Court distinguished J.M. Lynne Co. v. Geraghty,204 Conn. 361 (1987), where the Supreme Court had found an absence of de CT Page 3576 facto incorporation because there was no indication that the defendants had . . . "made an immediate, good faith attempt to reinstate the corporation upon learning of its dissolution, or that he believed that he was operating as a corporation. Thus, there was no basis upon which the dissolved corporation could have been deemed a de facto corporation during the period of dissolution." Clark-Franklin, at 12 Conn. App. 127
n. 2.
The plaintiff argues that the affidavit of Robert Ginsburg, the plaintiff's attorney, is prima facie proof of a good faith attempt to incorporate under the law. The defendant responds by relying on StandardTallow Corp. v. Jowdy, 190 Conn. 48, 56 (1983), that affidavits are insufficient to resolve questions of material fact. The Court agrees with the defendants that the affidavit is not sufficient and that proof of the facts contained in this affidavit would have required direct testimony. However, even if this Court were to consider the affidavit as proof of the facts contained therein, the Court finds that the affidavit is insufficient to prove the plaintiff's status as a de factor corporation.
The affidavit includes the following statements:
 "Corporate meetings were held on a regular basis. These meetings were held at my offices. During these meetings the ongoing activities of Enviro were discussed among the officers, directors and shareholders. We observed corporate formalities at each meeting." [Affidavit of Robert A. Ginsburg, April 13, 1999 at paragraph 4]
The affidavit continues:
 "On or about July, 1994, as Counsel for Enviro, I prepared the Articles of Incorporation and other documents for the formation of Enviro. The Incorporators and the Directors approved said documents of incorporation and other appropriate documents of incorporation." [Ginsburg's Affidavit, paragraph 5]
However, the same affidavit contains the following language:
 "The documents of incorporation were not filed with the Secretary of State of Connecticut due to the delay in the closing on the purchase of said Property."
[Ginsburg's Affidavit, paragraph 8]
In short, Attorney Ginsburg and the incorporators knew that the CT Page 3577 plaintiff was not incorporated under the laws of Connecticut and that the incorporators intentionally decided not to file the articles of incorporation until the plaintiff had already closed on the property. Therefore, the Court finds that the plaintiff is not a de facto corporation because the plaintiff made no effort, let alone a good faith effort, to incorporate.
The plaintiff next claims that the defendant at all times dealt with the plaintiff as a corporation and therefore argues pursuant toClark-Franklin that the defendant is now estopped, under the doctrine of corporation by estoppel, from denying the plaintiff's corporate existence.
Under our well-established law, any claim of estoppel is predicated upon proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. It is fundamental that a person who claims an estoppel must show that he has exercised due diligence to know the truth, and that he not only did not know the true state of things but also lacked any reasonably available means of acquiring knowledge.Wellington Systems, Inc. v. Redding Group, Inc., 49 Conn. App. 152,162-63 (1998).
"Estoppel is to protect the innocent and is based upon fair dealing and principles of morality. . . . A party, to be entitled to the benefit of it [estoppel] is himself bound to the exercise of good faith." Novella v.Hartford Accident Indemnity Co., 163 Conn. 552, 566 (1972).
Our Appellate Court has held:
 "[W]e cannot predicate an estoppel in favor of one whose own omission or inadvertence has contributed to the problem at hand." Edart Truck Rental Corp. v. B. Swirsky Co., 23 Conn. App. 137 (1990)".
The Court finds that the plaintiff is not a corporation by estoppel because the plaintiff engaged in misleading conduct by conducting business as a corporation when it knew that it was not a corporation. Furthermore, the doctrine of corporation by estoppel does not apply in the present case because the plaintiff's incorporators knew of their failure to incorporate and intentionally refrained from filing the articles of incorporation with the Secretary of State.
The plaintiff next argues the doctrine of latches, however the CT Page 3578 plaintiff's latches argument has nothing to do with the issue raised by the defendant's motion to dismiss. Moreover, the plaintiff is attempting to use the defense of latches offensively. Latches may only be employed as an equitable defense. K.P. v. Juzwic, 891 F. Sup. 703, 715 (D.Conn. 1995).
Finally, the plaintiff argues that a claim that a corporation lacks the capacity to sue does not go to subject matter jurisdiction and can not be raised by a motion to dismiss. The plaintiff cites numerous cases for the proposition that the lack of corporate capacity must be raised as a special defense or it is waived. However, all the cases cited by the plaintiff are factually distinguishable in that all involve an existing foreign corporation's failure to obtain a certificate of authority to transact business in the state. It is true that if an existing corporate entity not licensed to do business in Connecticut attempts to bring a law suit, the proper remedy is to file a special defense and if that defense is not filed, it may be waived. However, in the instant case, the precise claim is that the plaintiff is a nonexistent entity. "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." Isaac v. Mount Sinai Hospital,3 Conn. App. 598, 600, cert. denied, 196 Conn. 807 (1985). Since the plaintiff in the instant case has no legal existence, a motion to dismiss is a proper method to challenge the plaintiff's standing.
 CONCLUSION
For the foregoing reasons, the plaintiff's complaint is dismissed for lack of subject matter jurisdiction.
By the Court,
Kevin E. Booth, Judge of the Superior Court