DON RICH CORPORATION *v.* RICHARD ROSSINI ET AL.
(2304)

TESTO, HULL and DUPONT, Js.

Argued October 13—decision released December 27, 1983

*Dennis M. Laccavole,* for the appellant (plaintiff).

*Michael A. Dowling,* for the appellees (defendants).

TESTO, J. The named plaintiff, Don Rich Corporation, was dissolved prior to the filing of this negligence action. The real party in interest is the Hartford Accident and Indemnity Company (Hartford A & I). The trial court denied the plaintiff's motion to substitute Hartford A & I as the party plaintiff and granted the defendants' motion for summary judgment. The ground for the defendants' motion was that no genuine issue of material fact existed as to the dissolution of the plaintiff corporation and that judgment should, therefore, be rendered as a matter of law. The plaintiff has appealed[1] from both decisions.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83–29, § 2 (c).

This action was commenced by the plaintiff corporation on March 27, 1980, after it had been dissolved on January 31, 1979. The plaintiff corporation sought money damages for the alleged negligence of the defendants. The defendants answered the complaint and pleaded as a special defense the incapacity of the plaintiff to sue because of its dissolution as of January 31, 1979. Instead of replying to the special defense, the plaintiff filed an amended complaint in which it set forth that the action was being pursued by way of subrogation, the real party in interest being the plaintiff's insurer, Hartford A & I. With the amended complaint, the plaintiff filed a motion to substitute the insurer as party plaintiff. The defendants answered the amended complaint and claimed by way of special defense that a lease between the parties absolved the defendants of liability.

Section 33-378 (a) of the General Statutes specifically states that "[d]issolution terminates the corporate existence of the dissolved corporation." There is no question that in the present case the Don Rich Corporation was dissolved on January 31, 1979. A dissolved corporation, however, has been given the right by statute to bring an action: "Any action or proceeding by or against a dissolved corporation may be prosecuted or defended by the corporation in its corporate name . . . ." General Statutes § 33–378 (e). Although there was no genuine issue concerning the dissolution of the plaintiff, it was error for the trial court to grant the defendants' motion for summary judgment since the plaintiff had a statutory right to bring the suit.

The record discloses that this action involved a subrogation claim by the real party in interest, the Hartford A & I. The Don Rich Corporation is the nominal party in interest. This was disclosed at the time of the filing of the amended complaint and the motion to substitute the plaintiff. Practice Book § 104 permits a suit to be

brought in the name of the real party in interest. Therefore, the trial court erred in denying the motion to substitute.

There is error, the judgment is set aside and the case is remanded with direction to permit the plaintiff to substitute Hartford A & I as the plaintiff and to proceed in accordance with law.

In this opinion the other judges concurred.