[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for entry and detainer, brought by a former tenant against its former landlords. The defendants have moved to dismiss the action on the ground that the plaintiff corporation was dissolved several years before the action was brought, and thus has no standing to bring an action.
The material facts, mostly undisputed, are as follows. In 1986, the plaintiff New England Astro Optics, Inc., and the defendants entered into a lease for premises on which the plaintiff conducted its business. On October 19, 1990, the plaintiff corporation was dissolved by forfeiture for failure to file its biennial reports. Robert Rinaldi, the plaintiff's president and sole stockholder, testified that he didn't recall receiving the notices from the Secretary of State's office, though he did not entirely discount the possibility that it had been properly sent and received. The plaintiff continued to do business on the premises through 1991, and filed tax returns for CT Page 6162 1991. In its complaint, the plaintiff claims that it was locked out of the premises on January 1, 1992, and seeks damages as a result. After January, 1992, the plaintiff corporation has conducted no business other than to prosecute this instant action; it apparently has not formally wound up its affairs. See § 33-379 of the General Statutes. The plaintiff corporation has not done anything to reinstate itself with the Secretary of State's office.
On this state of affairs, the defendant has moved to dismiss the action on the ground that the plaintiff corporation has been dissolved by forfeiture; see § 33-387 of the General Statutes, and that, therefore, there is no entity capable of bringing an action. Section 33-387(C) indeed does provide that, after a three month grace period, a corporation is, in these circumstances, dissolved. No provision of § 33-388 has been claimed to support a finding of reinstatement.
Both sides have presented briefs and argued the issue orally before the court. I have read the materials cited, and do not find the cited materials particularly persuasive.[1] Both sides seem to have overlooked § 33-378 (e) of the General Statutes, which provides that "[a]ny action by or against a dissolved corporation may be prosecuted or defended by the corporation in its corporate name. . . ." There do not appear to be any time limitations specifically applicable to § 33-378(e).
Several cases are quite apropos. In Don Rich Corporation v.Rossini, 1 Conn. App. 120, 122 (1983), the Appellate Court reversed a summary judgment which had been granted on the ground that the plaintiff corporation had been dissolved prior to the institution of the action. Citing § 33-378 (e) of the General Statutes, the Appellate Court reversed the judgment of the trial Court.
In Setaro v. Oxford Associates, 1992 Ct Super. 8630 (September 14, 1992, Barnett, J.), it was noted that "[a]t the time of trial, Oxford Associates Ltd. had been dissolved for failure to file a biennial report within three months, Gen. Stat. 33-387 (b). Its status would not affect the plaintiff's suit if it were a proper party. Id. 33-378 (e)." Setaro, supra, n. 2. Similarly, in Universal Realty Corp. Pension Plan Trust v.Seirin, 1996 Ct Super. 4143 (May 7, 1996, Hurley, J.), Judge Hurley held that a dissolved corporation has standing to sue by virtue of § 33-378 (e). On its face, the statute makes no distinction between the various ways that a corporation can CT Page 6163 become dissolved; an immediately preceding statute lists forfeiture as one of the five ways in which a corporation may find itself dissolved. See § 33-375 (4) of the General Statutes.
The motion to dismiss for the reason stated, that the plaintiff corporation had been dissolved by forfeiture, is denied.[2]
Beach, J.