[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought to recover back rent or use and occupancy charges for premises occupied by a business entity of which the defendant was an officer. After a summary process action was brought by the plaintiff landlord, the defendant enterprise occupied the premises for approximately eight months, from December, 1992, until July, 1993, in part pursuant to a stipulated judgment under date of May 24, 1993. The judgment provides for a stay through August 1, 1993; it is silent as to whether payments were to be made for the period of the agreed upon occupancy.
The defense consisted of two primary positions: Walsh testified that he thought payments for the period of the occupancy were waived, and, more critically, that the plaintiff had never dealt with the defendant, an individual, personally. A review of the evidence reveals, in sum, that the plaintiff consistently dealt with corporate entities of which the defendant was an officer. The last operative written lease apparently was entered into by "Class Publications, Inc., a Connecticut corporation . . ." and "Chroma-Copy, Inc., a Connecticut Corporation . . ." as tenants. The defendant Walsh was president of Class Publications and he signed the lease as representative of Chroma Copy.[1] A corporation named "Black, Inc.", of which Walsh was president, apparently stepped into the shoes of Class Publications. Rent checks paid to the plaintiff in 1991 and 1992 were drawn on the account of "Black, Inc. d/b/a Chroma Copy" and signed by individuals on lines designated "authorized signature". Joseph Ramondetta, who represented the plaintiff limited partnership, testified that he never dealt with Walsh on a personal basis prior to bringing this action.
As noted above, Class Publications stopped doing business in the 1980's. Black, Inc. was dissolved by the Secretary of State CT Page 2512 in 1988 for failure to file a biennial report. The plaintiff claims that because the corporation was dissolved, it can proceed against Walsh personally, even though there is no evidence of any dealings with Walsh in his personal capacity.
Section 33-378 (e) of the General Statutes provides that "[a]ny action by or against a dissolved corporation may be prosecuted or defended by the corporation in its corporate name . . ." There do not appear to be any time limitations specifically applicable to § 33-378 (e). See also Don RichCorvoration v. Rossini, 1 Conn. App. 120, 122 (1983).
In Clark-Franklin-Kingston Press, Inc. v. Romano,12 Conn. App. 121 (1987), the plaintiff sought to collect debts personally from the officers, directors and shareholders of a corporation, where the debts apparently had been incurred at a time that the corporation had been dissolved for failure to file reports with the Secretary of State's office. All parties had thought at the time that the entity was in fact a corporation; and, when the deficiency was finally discovered, steps were taken to reinstate the corporation. The court held that the entity was a de facto
corporation, and, as all parties thought they were dealing with a corporation, the plaintiff was estopped from recovering against the individuals personally.
The Appellate Court noted that § 33-378 (f) of the General Statutes provides that "the dissolution of a corporation shall not of itself render the shareholders liable for any liability or other obligation of the corporation". A de facto
corporation is one which acts as a corporation and which can incur debts as a corporation which do not individually bind those associated with the corporation; although it acts as a corporate body, it is not a de jure corporation because it has failed to comply with some provision of the law. See DiFrancesco v.Kennedy, 114 Conn. 681, 687-88 (1932). In Clark-Franklin-KingstonPress, no one was misled, as at the time of the transactions, all parties in good faith thought they were dealing with a corporation. Similarly, if one does business with or as a de facto corporation, he may be estopped from claiming that the entity does not exist. See, e.g., Balance Rock CondominiumAssociation v. Pinarer, 1993 Ct. Super. 9453.
The only distinction between Clark-Franklin-Kingston and the instant case is that in our case, there is no evidence to suggest that the defendant sought reinstatement of the corporation. I CT Page 2513 find that to be a distinction without a difference in the present case, as the business of the corporation had effectively ceased in any event by the time the defendant learned that the corporation had been dissolved. The critical similarity is that at the time of the transactions forming the basis of the claimed debt, none of the parties knew of the dissolution and all proceeded as though the corporation existed in good standing.
Judgment may enter for the defendant.
Beach, J.