[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDER RE: APPLICATION FOR PREJUDGMENTREMEDY
Before the Court is an application for prejudgment remedy in which the plaintiff, Montanaro Brothers Builders, Inc., and the plaintiff, Michael V. Montanaro, seek money damages against Allen J. Rosen, Daniel Shepro and the Estate of Jerome Goldman, Judith Goldman, Executrix.
This case arises out of a claim originally brought in Superior Court at Bridgeport in which the plaintiffs alleged certain negligence on the part of the defendants that caused them loss.
Without admitting liability, the defendants agreed to pay a sum certain in return for which the action was withdrawn from the Bridgeport Superior Court.
The settlement was never paid over to either plaintiff but the defendants now claim that the plaintiffs have not complied with the terms of the settlement agreement because neither of their then-attorneys timely signed the written settlement agreement and that the plaintiff, Michael Montanaro, did not sign CT Page 10662 on behalf of the corporation in the blank provided for that purpose but, instead, signed individually.
They further indicate that neither Michael Montanaro nor the corporation known as Montanaro Bros. Builders, Inc., has standing to bring such a lawsuit because the corporation was dissolved by forfeiture in 1985.
Taking the last argument first, dissolution of a corporation does not preclude initiation of an action by the corporation and its corporation name. General Statutes § 33-884(b)(5) indicates in pertinent part that: "Dissolution of a corporation does not . . . (5) prevent commencement of a proceeding by or against a corporation in its corporate name." The appellate court has ruled, in the case of Don Rich Corp. v. Rossini,1 Conn. App. 120 (1983), that although the plaintiff corporation had been dissolved prior to the filing of its negligence action against Rossini, it nonetheless had standing to commence such an action in its corporate name. The dissolution argument will not suffice to deprive the plaintiff corporation of its remedy.
The court will now turn to the other defenses related to the lack of a timely signature. There is also evidence before the court that, per the parties' agreement, there would be a written settlement agreement. A written settlement agreement was prepared after an oral settlement agreement resulted in the withdrawal of the Bridgeport case. The written agreement was prepared by Attorney Jacob D. Zeldes who represented the defendants. Mr. Zeldes never signed the agreement nor did any representative of his law firm. The court does not find that lack of timely signatures by the plaintiffs' lawyers would deprive the plaintiffs of probable cause for the attachment they seek. Such a requirement was never discussed as an essential term of the agreement but inserted by Mr. Zeldes who did not sign himself. The court does not find any lack of probable cause by virtue of the failure of two associates from the plaintiff's law firm to sign the settlement agreement. However, delays by the corporation and Mr. Montanaro in signing the agreement, and the lack of signature of some officer clearly signing on behalf of the corporation are another matter. The defendants signed the written settlement agreement on May 21, May 22, and May 23 of 1993 and delivered $5,000 representing the first of several proposed installment payments to Attorney Zeldes who held it until December 21, 1994. On that date, he returned the check. The defendant substituted a new check for $5,000, although they had CT Page 10663 never until that time received an executed written settlement agreement. Mr. Zeldes held this check until May 21, 1996 when he deposited it to his trustee account and returned that sum on that same date on his client's instructions because no written agreement had ever been properly executed by the plaintiffs. There is evidence that the plaintiff, Michael Montanaro, was ill during part of this time but this does not fully explain the long delays or his failure to sign in the proper blank, and the court is not satisfied that probable cause has been established as to a suit on this agreement to support the attachment sought.
The court believes strongly that persons who settle cases have a right to expect that, in return for withdrawals of a lawsuit, whatever is promised by way of settlement is in fact produced. However, in light of all of the evidence introduced at the hearing and two affidavits, the court is not satisfied that probable cause has been established where no one ever expressly signed the settlement agreement on behalf of the corporation nor did Mr. Montanaro make clear the status and standing in which he signed when he affixed his individual signature, whether as assignee or some corporate officer. The defendants had a right to the plaintiff corporation's unequivocal signature on the settlement agreement and to delivery of this in a timely manner. The defendants had a right to know that the matter was in fact settled and not left with questions about whether the corporation which had sued them had in fact settled the case. Documentation was not delivered for years and then lacked a signature of a person signing on behalf of the corporation when it was delivered. The court finds no attachment should issue. The action should be left to proceed without an attachment.
Flynn, J.