[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISMISS THE APPORTIONMENT COMPLAINT
An apportionment complaint dated June 25, 1999, has been filed in this case by defendants Maguire Group, Inc., Maguire Group Architects, Inc., Terry McCarthy and Sebastian Amenta ("the Apportionment Plaintiffs") against the apportionment defendants, PHM, Inc. (PHM) and El. The second count of the apportionment complaint alleges that if the plaintiff, Amity Regional School District No. 5 ("Amity"), suffered the damages alleged in its complaint, then such damages were caused in whole or in part by the negligence and carelessness of PHM. On August 24, 1999, Amity moved pursuant to Practice Book § 10-30 to dismiss the apportionment complaint as asserted against PHM, on the basis that this court lacks personal and subject matter jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction CT Page 14910 of the court. . . ." Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . [When] the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988).
According to the exhibits attached to Amity's memorandum of law in support of its motion, PHM was incorporated in the State of Connecticut on April 24, 1989. Its corporate existence was terminated on November 30, 1995, and dissolved of record with the Connecticut Secretary of State on December 11, 1995. Notice of the dissolution was published in the Connecticut Law Journal on December 26, 1995, and again on January 3, 1996. Notice also appeared in the December 27, 1995, and January 3, 1996, issues of the Hartford Courant.
Amity asserts that application of former General Statutes § 33-379[1] deprives the court of jurisdiction over PHM. Section 33-379 provided that "any action, suit or proceeding against a dissolved corporation for any right or claim existing at, or for any liability incurred prior to, dissolution shall be barred if not commenced within three years after the last publication of the notice provided for in subsection(a) of the section." Plaintiff relies on Dimitriou v. State of Connecticut,Dept. of Public Safety, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 556416 (July 10, 1992, Burns, J.) and Millbrook Owners Assn. v. Hamilton Standard,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 556416 (July 16, 1996, Hennessey, J.) (17 Conn. L. Rptr. 374), as support for its argument that complaints against dissolved corporations filed beyond the three year period are subject to dismissal. The court finds that the apportionment plaintiffs indeed instituted their action against PHM more than three years after PHM caused notice of its dissolution to be published in accordance with § 33-379. CT Page 14911
Amity's challenge to the court's jurisdiction, however, is resolved by the apportionment statute itself. General Statutes § 52-102b(a) provides that "[a] defendant in any civil action to which § 52-572h [Tort Reform II] applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable . . . for a proportionate share of the plaintiff's damages. . . ." Section § 52-102b(b) provides that "no statute of limitations or repose shall be a defense or bar to such claim for apportionment. . . ." The court regards General Statutes § 33-379 as a statute of limitation or repose and thus not a valid defense to an apportionment claim.
Amity further argues that no valid service could be made on PHM after its dissolution, so service of the apportionment complaint on its statutory agent is insufficient to confer personal jurisdiction. The court notes, however, that a pertinent statute in effect at the time of the dissolution provided that "[a]ny action or proceeding by or against a dissolved corporation may be prosecuted or defended by a corporation in its corporate name. . . ." General Statutes § 33-378 (e). Several decisions have allowed litigation of claims against dissolved corporations. See New England Astro Optics, Inc v. Beatman et al, Superior Court, judicial district of Hartford/New Britain Housing Session, Docket No. 5626 (October 31, 1996, Beach, J.); Don Rich Corp. v.Rossini, 1 Conn. App. 120, 122, 468 A.2d 1273 (1983); BartholomewHamilton Associates Ltd. Partnership v. Robert T. Walsh, Jr.,
Superior Court, judicial district of Hartford/New Britain Housing Session, Docket No. 5586 (May 19, 1997, Beach, J.). In NewEngland Astro Optics and Bartholomew Hamilton, no time limitation to such litigation was imposed.
Amity also argues that its motion should be granted pursuant to General Statutes § 52-102b, providing at § 52-102b(c) that "[n]o person who is immune from liability shall be made an apportionment defendant. . . ." Amity contends that its dissolved status and the passage of time has rendered it immune from litigation under this statutory provision. The court, however, views the dissolved status of the corporation and the timeliness issues raised by Amity as defenses to liability, rather than as occurrences granting immunity. This conclusion considers the purpose of General Statutes § 52-572h and § 52-102b. As noted by Judge Sullivan in Barratt v. Scozzafava, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 117972 (November 11, 1994, Sullivan, J.) (12 Conn. L. Rptr. 657), CT Page 14912 General Statutes § 52-572h was enacted to "eliminate the doctrine of joint and several liability and provide a system whereby a party is liable only for his proportionate share of damages." See also Vinci et al v. Sabovic et al, Superior Court, judicial district of Fairfield at Stamford, Docket No. 127009 (March 16, 1993, Rush, J.) and Tedesco v. Whittelaw, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292978 (May 6, 1993, Lager, J.) (8 C.S.C.R. 662). General Statutes § 52-102b accomplishes that statutory intent.
On the basis of the above discussion, the court concludes that neither the dissolved status of PHM, nor the timeliness issues raised by Amity with respect to claims asserted against PHM, deprive the court of jurisdiction over the apportionment complaint. Moreover, service of the complaint on the statutory agent for PHM was proper. Accordingly, Amity's motion to dismiss the apportionment complaint is DENIED.
McWEENY, J.